UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANTHONY McFARLAND,
*On Behalf of Himself and All Others Similarly Situated*,

    Plaintiff,

v.

CAPITAL ONE, N.A.,
*d/b/a Capital One Auto Finance*,

    Defendant.

Civil Action No. TDC-18-2148

## MEMORANDUM OPINION

Plaintiff Anthony McFarland filed this putative class action against Defendant Capital One, N.A. ("Capital One") in the Circuit Court for Prince George's County, Maryland ("the Circuit Court"), alleging a breach of contract claim. Capital One removed the case to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) (2012). Pending before the Court are McFarland's Motion to Lift Stay, McFarland's Motion to Remand, and Capital One's Motion to Dismiss. Having reviewed the Motions and the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, McFarland's Motion to Lift Stay is GRANTED; McFarland's Motion to Remand is GRANTED; and Capital One's Motion to Dismiss is DENIED AS MOOT.

### BACKGROUND

On October 1, 2013, McFarland purchased a vehicle and financed the purchase through a retail installment sale contract ("RISC"), which was subsequently assigned to Capital One. The RISC affirmatively elects to be governed under the Maryland Credit Grantor Closed End Credit

Provisions ("CLEC"), Md. Code Ann., Com. Law §§ 12-1001–12-1029 (West 2013). McFarland alleges that Capital One charged and collected convenience fees in violation of CLEC and thus materially breached the RISC.

On May 29, 2018, McFarland filed his Complaint as a class action in the Circuit Court. McFarland alleges a breach of contract claim on behalf of a class that consists of:

> All persons: (1) who entered into a RISC governed by CLEC; (2) between October 1, 2013 and October 31, 2013; (3) were charged a convenience fee by CAPITAL ONE; (4) within four years from the date of the filing of this Complaint or anytime thereafter.

Compl. ¶ 23, ECF No. 1-1. On July 13, 2018, Capital One removed the case on the basis of CAFA jurisdiction and filed a Motion to Dismiss on July 20, 2018. On July 24, 2018, McFarland moved to remand the case to the Circuit Court. On October 12, 2018, the Court (Titus, J.) stayed the case pending a decision by the United States Court of Appeals for the Fourth Circuit in *Brown v. Capital One, N.A.*, 750 F. App'x 236 (4th Cir. 2019) (per curiam), a class action that was largely identical to the present case except that it did not limit the class to individuals who entered into RISCs during a specific one-month period. After the Fourth Circuit issued its decision in *Brown* on February 6, 2019 affirming the district court's dismissal of that case, McFarland moved to lift the stay. Because the basis for the stay no longer exists, the Court will grant the Motion to Lift Stay and address the remaining Motions.

## DISCUSSION

### I. Motion to Remand

In his Motion to Remand, McFarland argues that this Court lacks subject matter jurisdiction because Capital One has failed to demonstrate that the amount in controversy exceeds $5,000,000 and that the class consists of more than 100 individuals. Capital One, on the other hand, contends that the amount in controversy requirement of CAFA is satisfied because the amount at issue in

2

the present case should be deemed to be the amount in controversy in *Brown v. Capital One, N.A.*, No. GJH-17-3076, 2018 WL 3105768 (D. Md. June 25, 2018). Because McFarland has now conceded that the class consists of more than 100 individuals, *see* Reply at 1 n.1, ECF No. 15, the Court will analyze only the amount in controversy.

### A. Legal Standard

A defendant in a state civil action may remove the case to federal district court if the district court would have had original jurisdiction had the action been filed there in the first instance. 28 U.S.C. § 1441(a). CAFA confers original jurisdiction to federal district courts over class actions in which (1) the class is comprised of at least 100 plaintiffs, *id.* § 1332(d)(5)(B); (2) any member of the class of plaintiffs is a citizen of a state different from the defendant's state of citizenship, *id.* § 1332(d)(2)(A); and (3) the amount in controversy exceeds $5,000,000, *id.* § 1332(d)(2). A defendant seeking removal must initially only "*allege* federal jurisdiction with a short plain statement." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008). When removal is challenged, however, "the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Id.* "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show . . . what the stakes of the litigation . . . are given the plaintiff's actual demands.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). Where there are doubts about a defendant's asserted amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

## B. Amount in Controversy

McFarland's Complaint does not explicitly state the amount in controversy. In describing his damages, he alleges that his individual claim "totals less than $75,000" and that the total damages he "seeks to recover on behalf of the Class totals more than $75,000." Compl. at 7 n.1. In its Notice of Removal, Capital One asserted that because McFarland failed to quantify his damages, "the only method for calculating the potential amount in controversy is by reference to the explicit calculation of damages in *Brown*." Notice of Removal ¶ 35, ECF No. 1. In *Brown*, the plaintiff, who was represented by McFarland's counsel, brought a similar class action against Capital One, alleging that Capital One charged convenience fees in violation of CLEC. *Brown*, 2018 WL 3105768, at *1. The complaint in *Brown* included a claim for treble damages under section 12-1018(b) of CLEC. According to Capital One, the amount of non-principal payments collected from the *McFarland* class was $1,902,075.54. When trebled, the amount in controversy would be $5,706,226.62, which exceeds $5,000,000.

In his Motion to Remand, McFarland argues that he has neither requested treble damages nor alleged a knowing violation of CLEC, which must be established in order to entitle him to treble damages. He further asserts that the relevant base amount of damages consists of "the total amount paid by the purported class above the principal amount of the loan," not the total of non-principal payments as calculated by Capital One. Mot. Remand at 7, ECF No. 8. Indeed, in *Gardner v. GMAC, Inc.*, 796 F.3d 390 (4th Cir. 2015), the Fourth Circuit held that "CLEC requires borrowers to have repaid more than the original principal amount of their loans before they are entitled to relief." *Id.* at 393.

In its Opposition, Capital One accepts McFarland's position that the relevant amount of damages is the amount of payments made by class members above the principal amount of their

4

loans, and it submits a declaration stating that the amount of scheduled interest payments for the *McFarland* class is $1,466,268.46, which it argues would be the minimum amount of payments made by class members above the principal amount owed. It then argues that the *McFarland* class is a subset of the *Brown* class, that counsel for McFarland is arbitrarily dividing the original *Brown* class into segments of class members to avoid federal jurisdiction, and that because of this attempt to game the system, the amount in controversy in this case should be deemed to consist of the amount in controversy in *Brown*. In support of this argument, Capital One relies on *Freeman v. Blue Ridge Paper Products Inc.*, 551 F.3d 405 (6th Cir. 2008), in which the United States Court of Appeals for the Sixth Circuit aggregated the amounts in controversy in five separate suits that were identical except that they covered discrete time periods artificially divided in order to avoid federal jurisdiction. *Id.* at 407. Based on *Freeman*, Capital One argues that when the *McFarland* amount in controversy, representing that of a one-month cross-section of the *Brown* class, is extrapolated to account for the claims of the full *Brown* class, which had no time limitations, the amount in controversy threshold is met.

To establish jurisdiction and avoid remand, Capital One must demonstrate by a preponderance of the evidence that the CAFA jurisdictional threshold is met. *Dart Cherokee*, 135 S. Ct. at 554 (holding that when removal is disputed, the court must find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold); *Strawn*, 530 F.3d at 297 (stating that "when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper"). McFarland correctly argues that where he has not pleaded a claim for treble damages, Capital One's original theory for reaching the $5 million threshold fails, because a plaintiff may voluntarily limit the amount of damages sought in order to avoid federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)

(recognizing that it is within a plaintiff's discretion to allege a lower amount of damages to avoid federal jurisdiction); *Freeman*, 551 F.3d at 409

Thus, where Capital One, based on its own calculations, has taken the position that the value of the claims asserted by the *McFarland* class is "at least $1,466,268.46," Opp'n Mot. Remand at 17, ECF No. 13, it cannot establish the $5 million threshold unless this Court adopts and applies the approach in *Freeman* of aggregating this amount with the amount in controversy in *Brown*. In *Freeman*, the plaintiffs divided their class action into five separate suits covering distinct six-month periods and limited their damages for each suit to $4,900,000. *Freeman*, 551 F.3d at 406. The Sixth Circuit held that the $4,900,000 sought in each of the five suits had to be aggregated because there was "no colorable reason for breaking up the lawsuits in this fashion, other than to avoid federal jurisdiction." *Id.* at 407. Indeed, in *Freeman*, plaintiffs' counsel admitted at oral argument that avoiding CAFA was the only reason to artificially break up the suits into different time periods. *Id.* Although the court acknowledged that plaintiffs may plead around federal jurisdiction by limiting the damages they seek, it concluded that allowing them to split their claims arbitrarily by time period circumvents this rule. *See id.* at 409 (stating that "if a plaintiff 'does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove'" (quoting *St. Paul*, 303 U.S. at 294)). The court, however, limited its holding to cases "where recovery is expanded, rather than limited, by virtue of splintering of lawsuits." *Id.*

This aggregation principle has not been adopted by the Fourth Circuit or any other circuit. In *Marple v. T-Mobile Central LLC*, 639 F.3d 1109 (8th Cir. 2011), the United States Court of Appeals for the Eighth Circuit declined to follow *Freeman* and establish a rule permitting the amounts in controversy from separate but largely identical class action lawsuits to be aggregated


for purposes of the jurisdictional threshold because "Congress would have . . . outlined how courts should aggregate between class actions had it intended for courts to do so." *Id.* at 1110. Relatedly, two circuits have rejected the claim that the number of class members in identical class actions must be aggregated to meet the jurisdictional threshold, because CAFA "gives plaintiffs the choice to file separate actions that do not qualify for CAFA jurisdiction." *Anderson v. Bayer Corp.*, 610 F.3d 390, 392–94 (7th Cir. 2010) (declining to extend the *Freeman* principle to aggregate the number of plaintiffs in multiple actions to constitute a single mass action under CAFA); *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953, 955–56 (9th Cir. 2009) (same).

Even if the Fourth Circuit had adopted the approach in *Freeman*, this Court would still decline to apply it because the facts here present a different scenario than was present in *Freeman*. Although the *McFarland* class appears to be a subset of the *Brown* class based on a limited time period, the *Brown* case has been dismissed, and there is no support in *Freeman* to combine the amount in controversy from a dismissed case to that in an active case. Crucially, unlike in *Freeman*, not only has counsel not conceded that the class was structured to avoid federal jurisdiction while achieving the same potential recovery, but there is no evidence that there presently exists a series of new cases covering different time periods with amounts in controversy aggregating to a total above $5 million. At present, therefore, the *McFarland* class has voluntarily narrowed its potential recovery, by time period and by forgoing treble damages, and it has not created a structure that would expand its potential recovery beyond $5 million. Even under *Freeman*, "limiting the damages" sought is a permissible way to avoid removal. *See Freeman*, 551 F.3d at 409 (distinguishing the permissible limiting of damages from the expanding of potential recovery by splintering lawsuits, which requires aggregation); *see also Tanoh*, 561 F.3d at 956 (noting that the principle of *Freeman* is limited to cases "where recovery is expanded, rather

than limited, by virtue of splintering of lawsuits" (quoting *Freeman*, 551 F.3d at 409)). Accordingly, the Court is not persuaded that the *Freeman* principle applies to this case, and Capital One has failed to demonstrate that the CAFA amount in controversy requirement is satisfied.

Capital One raises the specter that if the case is successfully remanded, McFarland's counsel will then set about initiating a series of identical class actions limited to individuals who entered into RISCs within similar one-month periods to circumvent CAFA. This concern does not provide a basis to avoid remand. If McFarland or his counsel takes additional steps to expand recovery such as by filing additional cases covering other time periods or amending the Complaint to request treble damages or allege a knowing violation, Capital One could then seek to remove anew. *See* 28 U.S.C. § 1446(b)(3) (allowing a defendant to remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Anderson*, 610 F.3d at 394 (noting that "[o]f course, subsequent action by the plaintiffs in state court might render these claims removable"). The Court need not, and will not, decide prematurely whether it would find CAFA subject matter jurisdiction under a different set of facts. The Motion to Remand will therefore be granted.

## II. Motion to Dismiss

Because this case will be remanded for lack of subject matter jurisdiction, Capital One's Motion to Dismiss will be denied as moot. Capital One is free to assert its arguments for dismissal, including those relating to the recent dismissal of *Brown*, in the forthcoming proceedings before the state court.

## CONCLUSION

For the foregoing reasons, McFarland's Motion to Lift Stay will be GRANTED; McFarland's Motion to Remand will be GRANTED; and Capital One's Motion to Dismiss will be DENIED AS MOOT. A separate Order shall issue.

Date: May 31, 2019

THEODORE D. CHUANG
United States District Judge