| | |
|---|---|
| ANTHONY McFARLAND, *On Behalf of Himself and All Others Similarly Situated,*<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ONE, N.A., *d/b/a Capital One Auto Finance,*<br><br>    Defendant. | Civil Action No. TDC-18-2148 |

## MEMORANDUM OPINION

Plaintiff Anthony McFarland has filed a putative class action against Defendant Capital One, N.A. ("Capital One") in the Circuit Court for Prince George's County, Maryland, alleging that in financing the purchase of vehicles, Capital One has charged and collected convenience fees in violation of state law. After Capital One removed the case to federal court, this Court granted McFarland's Motion to Remand and ordered the case remanded to state court. Capital One has since appealed this ruling to the United States Court of Appeals for the Fourth Circuit. Pending before this Court is Capital One's Motion to Stay Pending Appeal. ECF No. 37. For the reasons set forth below, the Motion to Stay will be DENIED.

## BACKGROUND

The Court set forth the factual background of this case in its Memorandum Opinion of May 31, 2019, *see McFarland v. Capital One, N.A.*, No. TDC-18-2148, 2019 WL 2330872, at *1 (D. Md. May 31, 2019), and so recounts here only those facts relevant to the pending Motion. In that opinion, the Court held that although Capital One had removed this case to federal court under the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) (2018), the case did not meet CAFA's minimum amount-in-controversy requirement, such that the Court lacked subject matter jurisdiction over it. *McFarland*, 2019 WL 2330872, at \*3. After the Court remanded the case to state court, Capital One filed a petition in the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 1453(c), seeking leave to appeal this Court's remand order. The Fourth Circuit has since "opened a new civil appeal and consolidated Capital One's Petition with briefing on the merits of the appeal." Mot. Stay at 4, ECF No. 37-1. Capital One now seeks a stay of this Court's remand order until the Fourth Circuit decides its appeal.

## DISCUSSION

### I.  Reply Brief

As a preliminary matter, the Court notes that on September 4, 2019, Capital One filed a reply brief on the Motion. On July 17, 2019, however, after a case management conference during which Capital One agreed that no reply brief was necessary, the Court issued an Order setting the briefing schedule and stating, "There shall be no reply." Order at 1, ECF No. 38. Where Capital One filed its reply brief in violation of this Order and made no effort to seek either an amendment of that Order or leave to file a reply brief notwithstanding the Order, the Court will strike Capital One's reply brief.

### II.  Jurisdiction

At the outset, Capital One asserts that this Court has jurisdiction to issue a stay of its remand order. Although McFarland does not contest this claim, federal courts have an independent responsibility to ensure that they have jurisdiction before proceeding to the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). The Court thus begins by addressing whether it has jurisdiction to stay a remand order in the first place.

Generally, federal jurisdiction ends once a case is remanded to state court. *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979). Because remand orders are generally not appealable, *see* 28 U.S.C. § 1447(d), issuing such an order ends the involvement of the federal courts and allows the state court to assume control over the case, *id.* § 1447(c). Consequently, federal district courts divest themselves of jurisdiction over a case by issuing a remand order and mailing it to the relevant state court. *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 312 (2d Cir. 2005).

However, CAFA makes this general rule inapplicable to orders remanding class actions to state courts. It carves these orders out of § 1447(d)'s appellate prohibition and expressly grants jurisdiction to federal courts of appeals to hear appeals of class action remand orders. 28 U.S.C. § 1453(c). Because such a remand order does not necessarily end the involvement of the federal courts, courts have generally found that federal district courts retain jurisdiction to stay their remand orders pending appeals of those orders. *See, e.g., Morgan v.* Gay, 471 F.3d 469, 471 (3d Cir. 2006) (noting that the district court granted a motion to stay an order to remand a class action); *Manier v. Medtech Prods., Inc.*, 29 F. Supp. 3d 1284, 1287 (S.D. Cal. 2014) ("The Court finds that it is appropriate for the Court to address a motion to stay pending appeal of a remand order as Congress has specifically allowed these remand orders to be appealable."); *Coffey v. Freeport-McMoran Copper & Gold, Inc.*, No. 08-0640-HE, 2009 WL 10672022, *1-2 (W.D. Okla. May 8, 2009) (finding that because CAFA authorizes appellate review of a remand order, the district court had authority to stay the remand order). The Court therefore holds that it has jurisdiction to stay its remand order pending appeal.

## III.    Motion to Stay

The fact that this Court has the power to stay its remand order does not mean that Capital One is entitled to such a stay. "A stay is not a matter of right," but rather is "an exercise of judicial discretion," the propriety of which "is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). As both parties agree, the issuance of a stay is subject to four separate requirements: (1) whether the stay applicant has made a strong showing of a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) whether a stay is in the public interest. *Id.* at 434. The party seeking the stay has the burden to establish that each factor has been met. *Id.* at 433-34 (citation omitted).

### A.    Likelihood of Success

To satisfy this factor, the party seeking the stay must make a "strong showing" that it is "likely to succeed on the merits." *Nken*, 556 U.S. at 433 (citation omitted). In arguing that it is likely to succeed on its appeal, Capital One largely rehashes the arguments that the Court rejected in its decision remanding the case to state court. Chiefly, Capital One again argues that this Court should have adopted the "aggregation principle" for determining the amount in controversy for a class action as set forth in *Freeman v. Blue Ridge Paper Products Inc.*, 551 F.3d 405 (6th Cir. 2008). But as the Court noted in its prior opinion, several other circuits have assiduously avoided adopting this principle. *See, e.g., Marple v. T-Mobile Cent., LLC*, 639 F.3d 1109, 1110-11 (8th Cir. 2011) (distinguishing *Freeman* without adopting it); *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 885-86 (11th Cir. 2013) (distinguishing *Freeman*); *Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010) (same); *Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 955 (9th Cir. 2009) (same).

More importantly, even assuming the validity of the reasoning of *Freeman*, the present case is clearly distinguishable. In *Freeman*, the plaintiffs split their claims into several separate but substantively identical suits that each fell below CAFA's jurisdictional minimum, and plaintiffs' counsel conceded that this separation was effected for the sole purpose of avoiding removal under CAFA. *Freeman*, 551 F.3d at 407. The United States Court of Appeals for the Sixth Circuit held that in the face of such a blatant attempt to avoid federal jurisdiction, courts should aggregate the total amount of damages sought in the five lawsuits in deciding whether CAFA's jurisdictional minimum was met. *See id.* Here, by contrast, counsel followed the dismissal of a previously removed class action by bringing only one smaller lawsuit, voluntarily limiting the scope and value of its case, as it is permitted to do to avoid federal jurisdiction. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); *Freeman*, 551 F.3d at 409. While the class in this case is certainly a subset of the class in *Brown v. Capital One, N.A.*, No. GJH-17-3076, 2018 WL 3105768, at *1 (D. Md. June 25, 2018), *aff'd*, 750 F. App'x 236 (4th Cir. Feb. 6, 2019), the previously removed and dismissed lawsuit, there are no other similar suits with which to aggregate it in deciding whether it meets CAFA's jurisdictional minimum. In this situation, it is unclear how the aggregation principle of *Freeman* could apply.

Finally, Capital One's assertion that there is "a noted lack of authority in this Circuit on the aggregate principle and the amount in controversy to be used" such that "appellate review" is "proper" does not establish a strong showing of likely success on the merits. Mot. Stay at 7. It does not follow from the fact that the issue on appeal is a matter of first impression in this Circuit that Capital One's position is likely to prevail, nor does it follow that a stay is necessary in order to allow the Fourth Circuit to consider the issue. The Court finds that Capital One has not made a strong showing of likely success on the merits.

**B.      Irreparable Harm**

The second factor to consider is whether the applicant will be irreparably injured absent a stay. *Nken*, 556 U.S. at 434. A showing of "some possibility of irreparable injury" is insufficient. *Id.* at 434-35. Capital One asserts a litany of harms that it claims will cause it irreparable injury if the Court does not stay the remand. One alleged harm—potential "inconsistency between state and federal jurisprudence" regarding Maryland's credit laws—is not a harm to Capital One and so should not be considered. Mot. Stay at 8. Capital One also argues that if it is forced to litigate its pending motion to dismiss in state court, and the Fourth Circuit then holds that it should have been in federal court all along, it will have incurred the "additional expense" of unnecessary motion practice. *Id.* This argument is inconsistent with the United States Supreme Court's holding that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974). This holding also disposes of Capital One's claim that it will be irreparably harmed if it is forced to conduct discovery in state court. Particularly where the Fourth Circuit is required to rule on the appeal within 60 days of accepting it, 28 U.S.C. § 1453(c)(2), such that any parallel litigation in state court would be of limited duration, the Court concludes that Capital One has not identified irreparable harm that would result in the absence of a stay.

**C.      Injury to Other Parties**

The third factor is a consideration of whether the other parties to the litigation will be substantially injured by the issuance of the stay. McFarland argues that further delay in the progress of the state court litigation will cause harm to him, while Capital One argues that the delay will be brief, and any harm will therefore be minimal. Brief or not, this case's detour into federal court has already delayed the state court litigation by more than one year, dating back to

the original removal of this case in July 2018. A stay of the remand order pending resolution of the appeal would extend this delay even further. Under these circumstances, where the burden is on the party seeking the stay to establish that the factors are all met, *see Nken*, 556 U.S. at 433, Capital One has failed to demonstrate that McFarland will not be harmed by the issuance of a stay, *see Hawaii ex rel. Louie v. Bristol-Myers Squibb Co.*, No. 14-00180 HG-RLP, 2014 WL 3865213, at *4 (D. Haw. Aug. 5, 2014) (finding that where the defendant's improper removal under CAFA had already delayed the proceeding several months, this factor favored denial of a stay).

### D.    Public Interest

The final factor requires the Court to consider whether the public interest favors a stay. Capital One has put forth two arguments on this front. First, it contends that the Court's remand order "frustrates the purpose of CAFA." Mot. Stay at 11. This argument, however, assumes the merits of Capital One's appeal, as it could hardly be the purpose of CAFA to detain in federal court a case that properly belongs in state court. Capital One's second argument, that a stay will avoid potentially duplicative litigation and thus promote judicial economy, is stronger. Again, however, this argument depends on the assumption that Capital One is likely to prevail in its appeal. To the extent that the likely outcome is that the remand will be upheld, the public interest in prompt resolution of cases and avoiding protracted litigation would weigh in favor of denying a stay. This distinction highlights the broader principle that where the Court has found that the first two factors weigh against a stay, the public interest factor, even if viewed as favoring a stay, is insufficient to support a finding that Capital One has met its burden on the Motion. *See Nken*, 556 U.S. at 434-45 (noting that "the first two factors . . . are the most critical" and that the public interest factor is assessed "[o]nce an applicant satisfies the first two factors"). Consequently, the Court will not stay its remand order.

**CONCLUSION**

For the foregoing reasons, Capital One's reply brief will be STRICKEN, and the Motion to Stay Pending Appeal will be DENIED.

Date:  October 10, 2019

THEODORE D. CHUANG
United States District Judge